In re **PINE CREEK II APARTMENTS, LTD.**

**LAROY THOMAS, INC., Plaintiff,**

v.

**PINE CREEK II APARTMENTS, LTD. and The United States Department of Housing and Urban Development, Defendants.**

Bankruptcy No. 91–14164 S.
Adv. No. 94–4510.

United States Bankruptcy Court,
W.D. Arkansas,
Texarkana Division.

May 1, 1995.

Order Granting Summary Judgment
for Defendant May 12, 1995.

Nelson Shaw, Texarkana, AR, for plaintiff.

Larry McCord, Asst. U.S. Atty., Fort Smith, AR, for defendants.

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

### AND

### ORDER SETTING HEARING

MARY D. SCOTT, Bankruptcy Judge.

This case presents the quintessential circumstance for which the doctrine of *res judicata* was formulated. The plaintiff previously was party to an action filed in the United States District Court for the Western District of Arkansas in which the parties sought a determination as to lien priority on certain property. The district court entered judgment in favor of the Department of Housing and Urban Development ("HUD"), specifically ruling that HUD held "liens superior to those of Edmundson, Thomas, and Cunningham.... That all federal defendants hold a lien entitled to first priority." *Edmundson v. Pine Creek II Apartments, Ltd.,* Civ. No. 88–4027 (W.D. Ark. judgment filed Feb. 26, 1990). The Eighth Circuit Court of Appeals affirmed this judgment. *Edmundson v. Pine Creek II Apartments, Ltd.,* 938 F.2d 184 (8th Cir. May 7, 1991). Having already litigated its position before the district court and the Eighth Circuit Court of Appeals, plaintiff seeks to relitigate the cause of action by raising a new argument.

■ The doctrine of *res judicata* bars the relitigation of all claims which were litigated or which might have been litigated in another court of competent jurisdiction. *Lane v. Peterson,* 899 F.2d 737, 742 (8th Cir.1990), *cert. denied,* 498 U.S. 823, 111 S.Ct. 74, 112 L.Ed.2d 48 (1990). The doctrine applies if the following elements are met:

(1) the prior judgment was rendered by a court of competent jurisdiction;

(2) the prior judgment was a final judgment on the merits; and

(3) the same cause of action and the same parties or their privies were involved in both cases.

*Id.*

■ The district court is a court of competent jurisdiction, and its final order was affirmed by the appellate court. Both the action in district court and this action were filed to determine lien priority with regard to particular property, and both involved HUD and the plaintiff. Thus, each of the elements has been indisputably met with regard to the proceeding before the Court such that application of the doctrine of *res judicata* is merited. Plaintiff argues that *res judicata* is inapplicable under *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) because a different issue is now being raised. However, *Brown v. Felsen* does not support this proposition. Indeed, *Brown,* not only holds that *res judicata* applies to all issues which might have been raised in the prior litigation, *Brown,* at 139 n. 10, 99 S.Ct. at 2213 n. 10, it instructs the trial court to apply the doctrine with regard to state law issues, as are presented here. *Brown,* 442 U.S. at 132, 99 S.Ct. at 2209; *see Tway v. Tway (In re Tway),* 161 B.R. 274, 277 (Bankr.W.D.Okla. 1993).

■ While *Brown* ultimately does apply an exception to the doctrine of *res judicata,* that exception is not applicable here for two reasons. First, the exception in *Brown* relates only to dischargeability proceedings. *Brown's* rationale was that it was solely for the bankruptcy court to determine the dischargeability of debts; such matters of federal law could not be determined by the state courts such that *res judicata* could not be applied to preclude relitigation of issues in dischargeability proceedings. The Supreme Court specifically distinguished this particular circumstance from other matters to which *res judicata* would apply, and particularly matters raising issues of state law before the bankruptcy court. *See Brown,* 442 U.S. at 132, 99 S.Ct. at 2209; *see Tway v. Tway (In re Tway),* 161 B.R. 274, 277 (Bankr. W.D.Okla.1993). Secondly, it is does not appear that the holding of *Brown,* a case decided under the Bankruptcy Act, is viable under the Bankruptcy Code and the pronouncements in *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). *See Rosenbaum v. Cummings (In re Rosenbaum),* 150 B.R. 994, 996 & n. 2 (E.D.Tenn.

1993) (*Brown* superseded by statute and distinguished).

Based upon the foregoing, plaintiff's reliance upon different substantive law and a new legal argument does not preclude application of *res judicata* principles. *Lane* at 744. As noted above, *res judicata* applies to claims which *might have been litigated* as well as those claims actually litigated. *See Lovell v. Mixon,* 719 F.2d 1373, 1376 (8th Cir.1983). Thus, the plaintiff is not entitled to summary judgment on its claim.

While the principles of *res judicata* are clearly applicable here, and it would appear that HUD is entitled to judgment in its favor, no motion is before the Court for such entry of judgment. Since HUD has, inexplicably, not yet seen fit to move for summary judgment, this matter must be set for trial.

**ORDERED** as follows:

1. The plaintiff's Motion for Summary Judgment, filed on April 3, 1995, to which HUD responded on April 19, 1995, is DENIED.

2. This matter is set for trial on May 18, 1995, at 10:00 at the United States Courthouse located at 500 State Line Ave., Texarkana, Arkansas.

**IT IS SO ORDERED.**

### *ORDER GRANTING MOTION FOR SUMMARY JUDGMENT*

This cause is before the Court upon the defendant's Motion for Summary Judgment, filed on May 8, 1995. The motion presents the same issues that were presented to the Court in the plaintiff's motion for summary judgment. The Court denied the plaintiff's motion for summary judgment on the grounds that *res judicata* barred plaintiff from recovery of the relief he sought. Therefore, for reasons stated in the Court's Order of May 2, 1995, in this adversary proceeding, the government's motion should be granted. Accordingly, it is

**ORDERED** as follows:

1. The defendant's Motion for Summary Judgment, filed on May 8, 1995, is **GRANTED.**

2. The trial set for May 18, 1995, at 10:00 at the United States Courthouse located in Texarkana, Arkansas, is removed from the calendar.

**IT IS SO ORDERED.**